## Back v. Taylor

*John F. McIntyre, Jr.*, for plaintiff.
*James J. Marlowe, II*, for defendants.

STIVELY, *J.*, June 18, 1980—The above captioned matter comes before this court on plaintiff's preliminary objections to defendants' counterclaim. Plaintiff-landlord filed a complaint in assumpsit against defendant tenants for rent and utilities allegedly due and owing and also to recover for damages allegedly caused to the property by the tenants. The complaint avers that plaintiff and defendants entered into a written agreement whereby plaintiff would lease residential premises to defendant with defendants entering into possession on October 30, 1973. This agreement and date of entry into possession are admitted by defendants in their answer to the complaint. Plaintiff further alleges that defendants vacated the premises, to the best of his information and belief, on or about April 17, 1977. Defendants' answer admits to this date of vacation of the premises. Defendants assert a counterclaim in four counts seeking damages for alleged defects in the premises, damages for an alleged

breach of the warranty of habitability, return of security deposit and damages for allegedly improper utility charges by the plaintiff-landlord. Plaintiff preliminarily objects to the counterclaim as follows:

1. Motion to strike defendants' counterclaim count I;

2. Motion for more specific pleading of counterclaim count I;

3. Motion to strike counterclaim count II;

4. Motion for more specific pleading of counterclaim count II;

5. Demurrer to counterclaim count II;

6. Demurrer to counterclaim count III;

7. Motion to strike counterclaim count IV;

8. Motion for more specific pleading of counterclaim count IV;

9. Demurrer to counterclaim count IV.

Preliminary objections numbers one through four inclusive and seven and eight are based on the contention that damages are improperly pleaded in those related counts of the counterclaim. Preliminary objections numbers five, six and nine are based on the contention that defendants have failed to state a cause of action in counts II, III and IV of the counterclaim.

Objection number one, in the nature of a motion to strike count I of the counterclaim for failure to specifically plead damages, is overruled and the motion denied as we find the requested relief inappropriate. Objection number two in the nature of a motion for more specific pleading of count I is sustained and the motion granted in that we find the lack of specificity on apportionment between compensatory and punitive damages to be a defect which should be corrected, and we also order de-

fendants to plead at least a general itemization of compensatory damages set forth in counterclaim count I, paragraphs 21(A) through 21(D).

Objection number three, in the nature of a motion to strike count II of the counterclaim, is overruled and the motion denied as, again, we find this relief to be drastic and inappropriate in the case at bar. Likewise, objection number seven in the nature of a motion to strike counterclaim count IV is overruled and the motion denied for the same reasons. Although the damages sought in count IV based on the alleged overcharging by plaintiff for utilities are not specifically pleaded, we overrule plaintiff's objection number eight in the nature of a motion for more specific pleading and deny the motion on the basis that said information may be as accessible to plaintiff, if not more accessible, and details thereon would be more readily pursued through the discovery process.

Objection number nine, demurrer to count IV, is overruled as we find defendants' allegations of fraud sufficient to set forth a cause of action for the return of utility charges paid.

Plaintiff's preliminary objection number six in the nature of a demurrer to count III of the counterclaim is overruled. We do not find plaintiff's contention that the failure of defendants to plead the providing of their new address to plaintiff upon vacation of the premises results in the failure to state a cause of action for the return of security deposit. We note that section 512(e) of The Landlord and Tenant Act of April 6, 1951, P.L. 69, art. 1, sec. 101 et seq. (which provision was added by the Act of May 3, 1968, P.L. 107, sec. 1, and amended by the Act of December 29, 1972, P.L. 1698, sec. 2), 68 P.S. §250.512(e), states: "Failure of the tenant to provide the landlord with his new address in writing

upon termination of the lease or upon surrender and acceptance of the leasehold premises shall relieve the landlord from any liability under this section." That section sets forth certain guidelines as to when tenants can obtain *double* recovery. Defendants have only sought recovery of the deposit and therefore, the above cited section does not apply. The objection is overruled.

Objection number four in the nature of a motion for more specific pleading of damages of counterclaim count II is sustained. The claim sounds in assumpsit and the pleading of damages "in excess of $10,000" is improper.

Plaintiff's objection number five in the nature of a demurrer to counterclaim count II requires an examination and discussion of the recent decision of our Supreme Court in Pugh v. Holmes, 486 Pa. 272, 405 A. 2d 897 (1979), which case introduced the implied warranty of habitability in residential leases in the Commonwealth. Defendants' counterclaim count II alleges that the "failure of plaintiff to repair the defects at the premises constituted a willful, continuing breach of implied warranty of habitability" and tenants thus seek a rebate of all rent paid during the tenancy. Plaintiff contends that defendants have failed to state a cause of action therein and, in the alternative, seeks a more specific pleading on the damages sought. In Pugh, the court outlined certain remedies a tenant could pursue as a result of the landlord's breach of the implied warranty of habitability, which remedies included:

1. vacation of the premises;

2. assertion of a breach of the warranty as a defense in a landlord's suit for possession for unpaid rent (with full abatement of the rent where there is a total breach of the warranty);

3. repair and deduct;
4. specific performance under the warranty.

The situation as presented at bar is one in which defendant tenants assert a counterclaim for a rebate of rents already paid because of an allegedly total breach of the landlord's warranty of habitability. The pleadings do not present a record which accurately reflects, at this point, how much rent defendants did in fact pay. We do note that plaintiff, in his complaint, alleges that defendants failed to pay rent due and owing in March and April of 1977 and, as such, only seeks back rent for two months. On the basis of the allegation and requested recovery set forth in defendants' counterclaim, we assume that, at the least, all rent due and owing up to March of 1977 has been paid. Thus, the question with which this court is now presented, is whether a tenant has a cause of action against a landlord based on a total breach of implied warranty of habitability for the recovery of rents already paid where there is no allegation by the tenants of any expenditures for the improvement of the conditions of the premises although tenants continued to reside in the premises and pay rent.

In Pugh v. Holmes, supra, the Supreme Court stated at p. 284 that:

"The covenants and warranties in the lease are mutually dependent; the tenant's obligation to pay rent and the landlord's obligation imposed by the implied warranty of habitability to provide and maintain habitable premises are, therefore, dependent and a material breach of one of these obligations will relieve the obligation of the other so long as the breach continues."

As stated above, the Supreme Court outlined and clarified some of the available remedies open to a

tenant where a landlord breaches the warranty. That discussion does not make reference to the situation in the case at bar where the tenants counterclaim for rebate of rent already paid rather than only asserting the breach as a defense for rent due or claiming for monies expended for repair.

The Supreme Court discussed in length the history of the principle of caveat emptor in various real estate transactions and concluded that the doctrine should no longer apply to residential leaseholds as:

"Stark necessity very often forces a tenant into occupancy of premises far from desirable and in a defective state of repair. The acute housing shortage mandates that the average prospective tenant accede to the demands of the prospective landlord as to conditions of rental, which, under ordinary conditions with housing available, the average tenant would not and should not accept.

"No longer does the average prospective tenant occupy a free bargaining status and no longer do the average landlord-to-be and tenant-to-be negotiate a lease on an 'arm's length' basis." Reitmeyer v. Sprecher, 431 Pa. 284, 289-90, 243 A. 2d 395, 398 (1968), as cited and quoted in Pugh.

We do not read this language to be a recognition only of the relative bargaining positions of the landlord and tenant at the inception of the lease, but we believe that it also recognizes a similar positioning and relationship throughout the tenancy. The court ruled that the warranty applied both at the beginning of the lease and throughout its duration and, as stated above, the situation is to be controlled by principles of contract law. We must decide whether the principles and reasoning of Pugh v. Holmes, supra, permit a cause of action by tenants who have occupied rented premises over a period of time,

have made monthly rental payments for over three years but have made no attempt at expending monies to repair the alleged defects giving rise to the alleged breach. As noted, defendants have admitted that the date of inception of the lease was October, 1973 and the record (strongly) suggests that the rent due and owing pursuant to the lease was paid through MARCH OF ⅛&⅞⅞.

If the counterclaim in the case at bar is permitted, then this court must further decide if the allegations therein sufficiently state a cause of action. We find that the remedies as discussed by the Supreme Court entail some action by the tenants and such remedies are to be utilized to protect the right to a habitable premises. We do not find Pugh v. Holmes to grant tenants unlimited rights absent some affirmative action on their own behalf. We believe that tenants must also act within a reasonable period of time in order to secure their aforementioned rights.

Therefore, in applying the facts of the instant case, we do not find that defendants have adequately pled their cause of action. As it is within our authority to permit an amended pleading and the sustaining of plaintiff's demurrer to that count would be a drastic remedy at this time, we hereby permit defendants to file an amended pleading as to count II of their counterclaim in accordance with this opinion within 20 days of notice hereof.

### ORDER AS AMENDED

And now, June 18, 1980, upon consideration of preliminary objections of plaintiff to defendants' counterclaim and answer thereto and briefs of counsel, the preliminary objections are disposed of as follows:

54

1.  Preliminary objection in the nature of motion to strike defendants' counterclaim, count I is overruled.

2.  Preliminary objection in the nature of motion for more specific pleading to counterclaim, count I, is sustained.

3.  Preliminary objection in the nature of motion to strike defendants' counterclaim, count II, is overruled.

4.  Preliminary objection in the nature of motion for more specific pleading to counterclaim, count II is sustained.

5.  Preliminary objection in the nature of a demurrer to counterclaim, count II is overruled.

6.  Preliminary objection in the nature of a demurrer to counterclaim, count III is overruled.

7.  Preliminary objection in the nature of a motion to strike defendants' counterclaim, count IV is overruled.

8.  Preliminary objection in the nature of a motion for a more specific pleading to counterclaim, count IV is overruled.

9.  Preliminary objection in the nature of a demurrer to counterclaim, count IV is overruled.

Defendants to file an amended pleading within 20 days after notice of this order.